### In re McCARTNEY.

(District Court, M. D. Pennsylvania.   July 3, 1911.)

#### No. 1,753.

BANKRUPTCY (§ 91*)—ACT OF BANKRUPTCY—EVIDENCE.

On an application to have an alleged insolvent declared an involuntary bankrupt, evidence *held* to require a finding, not only that the alleged bankrupt was insolvent, but also that, while insolvent, he had permitted his wife to obtain a preference through legal proceedings, and had not, five days before the selling or final disposition of his property affected by such preference, revoked or discharged the same, so that he should be adjudged a bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 91.*]

In Bankruptcy. On petition to declare W. J. McCartney an involuntary bankrupt. Granted.

Wm. Maxwell, for petitioning creditors.

E. J. Mullen, for bankrupt.

WITMER, District Judge. Certain creditors of W. J. McCartney, on October 26, 1910, presented their petition praying that he be adjudged a bankrupt, representing that while insolvent the said W. J. McCartney suffered and permitted certain of his creditors to obtain a preference through legal proceedings, and not having, five days before the selling or final disposition of his property affected by such preference, revoked or discharged the same. To this the alleged bankrupt made reply, denying his insolvency. Testimony was taken and reported to the court.

It appears: That on August 1, 1910, Mrs. Margaret McCartney entered three judgments against the said W. J. McCartney, her husband,

in the court of common pleas of Sullivan county, to wit: No. 61, September term, 1910, debt, $500; No. 62, September term, 1910, debt, $1,500; and No. 63, September term, 1910, debt, $500. That she caused writs of fieri facias to issue on her said judgments, followed by writs of venditioni exponas, on which the personal property of the alleged bankrupt was seized by the high sheriff of Sullivan county, levied, and advertised for sale, to take place on Friday, the 28th day of October, 1910, at 1 o'clock p. m. Judgment was also entered in said court against the alleged bankrupt by one John Hassen, Jr., on August 1, 1910, for $100, with like proceedings following.

That the alleged bankrupt suffered or permitted these preferences within five days preceding the selling or final disposition of his property is not denied. His answer is to the effect that, while he was unable to discharge these obligations, he is nevertheless solvent, having more than sufficient assets to meet his liabilities, as required by section 1, subd. 15, of the federal bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419]). From a careful examination of the testimony and the application of common sense in the inspection of the proceedings adopted by the wife of the bankrupt in her effort to enforce the collection of her claims, or possibly remove from the reach of her husband's creditors his personal property, the court has no difficulty in arriving at a true solution of this case. It matters not much whether the debtor was actually unable to pay the money alleged to be due his wife, or simply unwilling to do so. The conduct of the husband and of his wife is convincing that they, believing that the husband's property was insufficient to meet all of his honest debts, a preference over some of them was necessary to secure for the wife the money represented by the judgments entered. It would be difficult to reach any other conclusion, when considering that the whole proceeding was timed to the maturing of the husband's obligations in bank on which Mr. Frost was the indorser and having declined to renew such indorsements.

The testimony is, however, otherwise convincing that the aggregate of the property of the alleged bankrupt is at a fair valuation not sufficient in amount to pay his just debts. W. J. McCartney is unquestionably insolvent and unable to pay his lawful debts, and having stood by while his creditors secured judgments against him and levied upon his property, suffering and permitting such judgments to be taken and such levy to be made, has committed an act of bankruptcy under paragraph 3a, § 3, c. 3, of the bankruptcy act of 1898 and its supplements.

The said W. J. McCartney is therefore hereby adjudged a bankrupt accordingly.